# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
Matthew J. Maddox
United States Magistrate Judge
MDD_MJMChambers@mdd.uscourts.gov



101 West Lombard Street
Chambers 3B
Baltimore, Maryland 21201
(410) 962-3407

March 31, 2023

TO ALL COUNSEL OF RECORD

Re:     *Steffanie H. v. Kijakazi*
        Civil No. MJM-21-2885

Dear Counsel:

On November 10, 2021, Plaintiff Steffanie H. commenced this civil action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA," "Defendant") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. (ECF 1). Pending before the Court are Plaintiff's Motion for Summary Judgment (ECF 11) and Defendant's Motion for Summary Judgment (ECF No. 13).[1] I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. (D. Md. 2021).

The Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Under this standard, Plaintiff's motion will be denied, Defendant's motion will be granted, and the SSA's decision will be affirmed.

## I.     Background

Plaintiff filed her application for DIB and SSI On January 18, 2019, alleging disability beginning on May 31, 2018. (R. 53). Plaintiff's application was initially denied on May 10, 2019, and the initial determination was affirmed upon reconsideration on October 23, 2019. (*Id.*) Thereafter, Plaintiff requested an administrative hearing, and Administrative Law Judge ("ALJ") Clary Simmonds held a telephone hearing on January 13, 2021. (*Id.*) Plaintiff, who was represented by counsel, testified at the hearing. (R. 72–103). An impartial vocational expert also appeared and testified. (*Id.*) The ALJ issued an unfavorable decision on March 31, 2021. (R. 53–66). Plaintiff thereafter submitted additional evidence to the Appeals Council and requested that the Appeals

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF 5).

*Steffanie H. v. Kijakazi*
Civil No. MJM-21-2885
March 31, 2023
Page 2

Council review the ALJ's decision. (R. 13-43, 231-33). On October 20, 2021, the Appeals Council denied plaintiff's request for review (R. 1-7), thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then commenced this civil action seeking judicial review under 42 U.S.C. § 405(g).

## II.     The SSA's Decision

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining Plaintiff's disability claims, the ALJ follows the five-step sequential evaluation of disability set forth in 20 C.F.R. § 416.920.

> To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

If the first three steps do not yield a conclusive determination of disability, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The ALJ determines the claimant's RFC by considering all of the claimant's medically determinable impairments, regardless of severity. *Id.* The claimant bears the burden of proof through the first four steps of the sequential evaluation. *Id.* If she makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (quoting 20 C.F.R. §§ 416.920, 416.1429).

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 56). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity and chronic venous insufficiency. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 58). Then, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs a sit/stand option, such that the claimant can change positions once every hour as needed while remaining on task. (*Id.*) At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. 64).

Additionally, at step five, the ALJ found, based on testimony from a vocational expert

*Steffanie H. v. Kijakazi*
Civil No. MJM-21-2885
March 31, 2023
Page 3

(VE), that Plaintiff was capable of performing other work in the national economy, including mail clerk, office helper, router, and photo copy machine operator (R. 65–66). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act. (R. 66).

### III.    Standard of Review

The Court reviews an ALJ's decision to ensure that the ALJ's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal quotation marks and citations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal brackets and citations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (citation omitted).

### IV.    Discussion

Plaintiff first argues that the ALJ failed to properly evaluate Plaintiff's mental impairments pursuant to the "special technique." (Pl. Mem. 9–13).

When mental impairments are alleged, the ALJ must apply the "special technique" to determine the severity of the mental impairments. 20 C.F.R. § 404.1520a. The ALJ is required to rate the limitations in four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself (known as "paragraph B criteria" for mental disorders). *Id.* § 404.1520a(c)(3). The ALJ uses a five-point scale to rate a claimant's limitations in these functional areas: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). The rating is based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* § 404.1520a(c)(2). To satisfy the paragraph B criteria, your mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2)(b). If the rating of a limitation is "none" or "mild," then the ALJ generally concludes that the mental impairment is not severe. 20 C.F.R. § 404.1520a(d)(1).

The five rating points are defined as follows:

a. No limitation (or none). [Claimant is] able to function in this area independently, appropriately, effectively, and on a sustained basis.

b. Mild limitation. [Claimant's] functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.

*Steffanie H. v. Kijakazi*
Civil No. MJM-21-2885
March 31, 2023
Page 4

c. Moderate limitation. [Claimant's] functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.

d. Marked limitation. [Claimant's] functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.

e. Extreme limitation. [Claimant is] not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Part 404, Subpart P, App. 1, § 12.00F(2)(a)-(e). On rating the limitations of a claimant's areas of mental functioning, the ALJ was directed to "use all of the relevant medical and non-medical evidence in [the] case record to evaluate [a claimant's] mental disorder." *Id.* § 12.00F(3)(a). "The medical evidence may include descriptors regarding the diagnostic stage or level of [a] disorder, such as 'mild' or 'moderate.'" *Id.* "Clinicians may use these terms to characterize [a claimant's] medical condition. However, these terms will not always be the same as the degree of [the claimant's] limitation in a paragraph B area of mental functioning." *Id.* Moreover, "[i]nformation about [the claimant's] daily functioning can [be helpful to] understand whether [the] mental disorder limits one or more of these areas." *Id.* § 12.00F(3)(b).

In this case, the ALJ rated the degree of limitation, finding Plaintiff to suffer: (1) "no limitation" with understanding, remembering, or applying information; and (2) "mild limitation" with interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. (R. 56–57). Thus, the ALJ concluded that Plaintiff's "medically determinable mental impairment of adjustment disorder with mixed anxiety and depressed mood does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (R. 56). Plaintiff avers that the ALJ did not cite substantial evidence to support the conclusion that Plaintiff suffers only "mild limitation" with "concentrating, persisting, or maintaining pace." (Pl. Mem. 9–13). Specifically, Plaintiff argues that "[t]he objective evidence of record from the exhibits cited to by the ALJ reveals Plaintiff's 'Attention and Concentration' was rated as 'fair' throughout the medical record, which reflects a moderate level of restriction in accordance with 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00F(2)(a)–(e)."

Plaintiff's argument is unpersuasive. The rule on rating the limitations of a claimant's areas of mental functioning specifically cautions that the terms used by clinicians regarding the diagnostic stage or level of a disorder will not always be the same as the degree of the claimant's limitation in a paragraph B area of mental functioning. 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00F(3)(a). Moreover, while there are instances where Plaintiff's health care providers generally described her "Attention and Concentration" as "fair" before October 2019 (*see, e.g.*, R. 966, 971, 975, 983, 990, 993, 996, 999, 1003, 1098, 1103, 1216, 1221, 1259, 1262), her "Attention and Concentration" was generally noted as "good" or "intact" after October 2019 (*see, e.g.*, R. 1255, 1283, 1286, 1289, 1297, 1304, 1310, 1319, 1326, 1337, 1341), with one exception in November 2020, when it was rated as "poor." (R. 1597).

Here, the ALJ noted that Plaintiff reported some difficulty with concentration and

completing tasks but found that her difficulties were no greater than mild given the medical and other evidence of record. (R. 57). The ALJ cited medical records that "on most of her exams, [Plaintiff] has intact attention and concentration and was alert and oriented." (*Id.*) Moreover, the ALJ assessed Plaintiff's daily functioning based on her daily activities, her mother's statements, and the ALJ's observation at the hearing:

> [Plaintiff] reported that she is able to play pool, watch TV, care for two small children without assistance, and shops in the store for hours (See 4E, 11E). Her mother reported that she also plays board games and she can pay attention (3E). She was able to drive her daughter to Ohio to be with the father and pick her back up after three weeks (See 8F/142, 144).… [Plaintiff] was able to follow along at the hearing and she was able to answer questions appropriately with little to no help.

(R. 57).

The ALJ also evaluated the state psychological consultants' opinion and a mental health assessment completed by Manson Malik, M.D., in May 2020. The state psychological consultants found that the claimant had no more than mild limitations in any area of mental functioning. (R. 58). The ALJ found it persuasive as a written summary of "the available evidence, including specific citations to the record, support it." (*Id.*) And "[i]t is also consistent with the record, especially the claimant's ability to have such high level functioning despite her impairment and her inconsistency with taking her medication." (*Id.*) Dr. Malik opined that Plaintiff "has moderate limitations in understanding and memory, moderate to marked limitations in sustained concentration and persistence, would likely be absent more than four days a month, and has moderate limitations in interactions." (*Id.*) The ALJ noted that Dr. Malik's assessment form "consists of mainly check boxes and checks" and "there are no explanations for any of the stated limitations." (*Id.*) The ALJ also found that Dr. Malik's opinion is inconsistent with the record. Thus, the ALJ concluded that Dr. Malik's opinion is unpersuasive. (*Id.*) Because the ALJ's paragraph B analysis is supported by both medical evidence and non-medical evidence, a remand is not warranted.

Plaintiff argues that the Appeals Council ("AC") failed to properly consider new and material medical evidence. After the ALJ's decision, Plaintiff submitted additional medical records to the AC. (R. 13–43). The AC denied Plaintiff's request for review. (R. 1–7). The AC stated that the medical records dated before the ALJ's March 31, 2021 decision, "do[] not show a reasonable probability that [they] would change the outcome of the decision" and the medical records dated after the ALJ's decision "do[] not relate to the period at issue." (R. 2).

The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the [AC] to do anything more than what it did in this case, *i.e.*, consider new and material

*Steffanie H. v. Kijakazi*
Civil No. MJM-21-2885
March 31, 2023
Page 6

evidence ... in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Thus, a remand based on the AC's denial of Plaintiff's request for review is not warranted.

## V.   <u>Conclusion</u>

Given that there is substantial evidence to support the ALJ's findings, and the findings were reached through the application of the correct legal standards, Plaintiff's Motion for Summary Judgment will be denied, and Defendant's Motion for Summary Judgment will be granted. The SSA's decision will be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

A separate Order will follow.

Sincerely,

/S/

Matthew J. Maddox
United States Magistrate Judge